UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:01-CR-172 |
|  | : | Case No. 1:16-CV-1523 |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 51] |
| JAMES R. CHAMBERS, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant James R. Chambers petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that he no longer qualifies as a career offender and was improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[1] The Supreme Court's recent opinion in *Beckles v. United States*[2] forecloses his argument.

Defendant Chambers' argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[3] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[4]

---

[1] Doc. 51. In 2002, Petitioner Chambers filed his first habeas petition. On September 23, 2106, the Sixth Circuit granted Petitioner's 28 U.S.C. § 2244 motion to file a second petition and ordered this Court to hold the case in abeyance pending the outcomes of *Beckles*. Docs. 53, 55.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[4] *Id.*

Case No. 1:01-CR-172
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[5]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[6] Therefore, since *Johnson*, many criminal defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this exact argument. There, Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[7] The Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[8]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Chambers' § 2255 petition.

IT IS SO ORDERED.

Dated: March 20, 2017              *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[5] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[6] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[7] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[8] *Id.*