UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,  : Case Nos. 1:01-cr-172
: 1:16-cv-1523
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 57]
JAMES R. CHAMBERS, :
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In June 2001, Defendant James Chambers pleaded guilty to five counts of unarmed bank robbery.[1] This Court sentenced Chambers to 151 months in prison in August 2001.[2] Chambers's sentence was enhanced because he qualified as a career offender under the residual clause of U.S.S.G. § 4B1.2(a). After the Supreme Court ruled in *Johnson v. United States*[3] that an identical residual clause in the Armed Career Criminal Act (ACCA) was unconstitutionally vague, Chambers filed a petition for habeas corpus under 28 U.S.C. § 2255.[4]

The Court denied that petition based on the Supreme Court's decision in *Beckles v. United States*, which held that the void for vagueness doctrine did not apply to advisory sentencing guidelines.[5]

Chambers now moves for reconsideration, arguing that *Beckles* does not apply to his case because he was sentenced before the Supreme Court's decision in *United States v. Booker.*[6] As a result, the sentencing guidelines were mandatory when Chambers was sentenced.[7]

---

[1] Doc. 22.
[2] Doc. 26, 28.
[3] 135 S. Ct. 2551 (2015).
[4] Doc. 51.
[5] Doc. 56; *Beckles v. United States*, 137 S. Ct. 886 (2017).
[6] Doc. 57; *United States v. Booker*, 543 U.S. 220 (2005).
[7] *See id.*

Case Nos. 1:01-cr-172
Gwin, J.

"Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls [the Court's] attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."[8]

While the Court's initial opinion did not address whether *Beckles* applied to pre-*Booker* sentences, Chambers's motion for reconsideration must still be denied. As both parties acknowledge, Chambers's petition is untimely according to binding Sixth Circuit precedent.[9]

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) sets strict time limits for the filing of a habeas petition. In most cases, prisoners must file their petition within one year of the date in which their judgment of conviction becomes final.[10] Plainly, Chambers missed that deadline: he was convicted in 2001 and filed his petition in 2016.[11]

There is an exception to AEDPA's statute of limitations, however, where a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[12] When that happens, prisoners have one year from the date the right is made retroactively applicable to file for habeas relief.[13]

Chambers's petition and motion for reconsideration argued that he was claiming a right newly recognized in *Johnson* and subsequently made retroactively applicable by the Supreme Court in *Welch v. United States*.[14]

But, as Chambers acknowledges,[15] that argument has now been squarely foreclosed by the

---

[8] *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).
[9] Doc. 64 at 1–2; Doc. 65 at 1–3.
[10] *See* 28 U.S.C. § 2255(f)(1).
[11] Doc. 28; Doc. 56.
[12] 28 U.S.C. § 2255(f)(4).
[13] *Id.*
[14] Doc. 51; Doc. 57; *Welch v. United States*, 136 S. Ct. 1257 (2016).
[15] Doc. 64 at 1–2.

-2-

Case Nos. 1:01-cr-172
Gwin, J.

Sixth Circuit's decision in *Raybon v. United States*.[16] *Raybon* held that, because the Supreme Court had not yet decided whether *Johnson* applied to mandatory rather than advisory guidelines, AEDPA's "newly recognized" rights exception did not apply to Raybon's challenge to the pre-*Booker* guidelines' residual clause.[17]

In light of that decision, Chambers's identical challenge is also untimely. So the only question that remains is whether he is entitled to a certificate of appealability.

"When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[18]

The Court finds that reasonable jurists could debate whether Chambers's petition was untimely and whether *Johnson* applies to the pre-*Booker* guidelines. While this Court is bound by *Raybon*, reasonable jurists could disagree as to whether that case was correctly decided.

There is currently a split between the circuits as to whether *Raybon*'s interpretation is correct.[19] Even though Chambers's initial appeal will likely be fruitless in light of *Raybon*,[20] he would still be able to pursue his procedural arguments through a petition for rehearing *en banc* in the Sixth Circuit or a petition for a writ of certiorari to the Supreme Court. In light of the division of authority on the timeliness of petitions like Chambers's, it is certainly a question that "deserve[s]

---

[16] 867 F.3d 625 (2017).
[17] *Id.* at 629–31.
[18] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
[19] *Compare Moore v. Untied States*, 871 F.3d 72, 80–83 (1st Cir. 2017) (disagreeing with *Raybon*) *with United States v. Brown*, 868 F.3d 297, 301–02 (4th Cir. 2017) (reaching the same conclusion as *Raybon*); *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018) (same).
[20] *See United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) ("One panel of this court may not overrule the decision of another panel; only the en banc court or the United States Supreme Court may overrule the prior panel.").

Case Nos. 1:01-cr-172
Gwin, J.

encouragement to proceed further."[21]

Moreover, there are significant reasons to be skeptical of the Sixth Circuit's *Raybon* decision. For one thing, it essentially shields pre-*Booker* residual clause sentences from any review under *Johnson*. Unless someone can timely raise an issue, it is impossible for the Supreme Court to resolve it and thereby trigger the application of the "newly discovered" rights exception. And the last defendant sentenced under the mandatory guidelines regime would have been sentenced around the time *Booker* was decided in 2005, so it follows that no one sentenced under that regime will fall within AEDPA's ordinary statute of limitations.

For another, it seems to the Court that the *right* vindicated in *Johnson* was the right to be free from unconstitutionally vague statutes that fail to clearly define "crime of violence" or "violent felony," not simply the right not to be sentenced under the residual clause of the ACCA. Here, Chambers similarly seeks to vindicate that right not to be sentenced under unduly vague sentencing provisions. The excessively narrow construction of § 2255(f)(4) adopted in *Raybon* invites Potemkin disputes about whether the Supreme Court has explicitly applied its precedents to a specific factual circumstance rather than asking whether the *right* the Supreme Court has newly recognized applies to that circumstance.[22]

As far as the merits of Chambers's petition are concerned, the Court has only been able to find one circuit that has weighed in on the question.[23] And it remains open for debate both nationally[24] and in the Sixth Circuit.[25]

As a result, it is apparent that reasonable jurists can disagree as to both whether Chambers's

---

[21] *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).
[22] *See Raybon*, 867 F.3d 629–30.
[23] *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (mandatory guidelines not subject to a vagueness challenge).
[24] *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).
[25] *Raybon*, 867 F.3d at 629–30.

Case Nos. 1:01-cr-172
Gwin, J.

petition is time-barred and as to its merits. For that reason, the Court will issue a certificate of appealability.

Because the Court is bound by the Sixth Circuit's decision in *Raybon* to deny Chambers's petition for habeas corpus, his motion for reconsideration is **DENIED**. For the reasons discussed above, however, the Court **GRANTS** a certificate of appealability on the following questions:

1. Whether, under 28 U.S.C. § 2255(f)(3), defendants sentenced under the mandatory, pre-*Booker* sentencing guidelines were permitted to file a petition for habeas corpus within one year of the Supreme Court's decisions in *Johnson v. United States* and *Welch v. United States*.

2. Whether, under the Supreme Court's decision in *Johnson v. United States*, the residual clause of U.S.S.G. § 4B1.2 is void for vagueness as to all defendants sentenced as career offenders sentenced under that clause prior to the Supreme Court's decision in *United States v. Booker*.

IT IS SO ORDERED.

Dated:  March 20, 2018                    *s/         James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE